UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BECKI RUTH MAAS,

    Plaintiff,                           **CASE NO. 8:23-cv-02706**

v.

THE BANK OF NEW YORK MELLON; JPMORGAN CHASE BANK, N.A.;

    Defendants.
_____/

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
WITH INCORPORATED MEMORANDUM OF LAW**

Defendant JPMORGAN CHASE BANK, N.A. ("Chase"), pursuant to Fed. R. Civ. P. 12(b)(6), Rule 8(a)(2), and Rule 10(b), respectfully moves this Honorable Court for the entry of an order dismissing the Complaint [Dkt. No. 01] filed by Plaintiff BECKI RUTH MAAS ("Plaintiff") with prejudice. In support thereof, Chase states as follows:

**INTRODUCTION**

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted. Distilled to its essence, Plaintiff asserts multiple causes of action against Chase, which are each legally deficient for various reasons discussed herein. Plaintiff fails to plead any necessary operative facts to allow Chase to

investigate Plaintiff's dispute and/or provide a meaningful response in this action. Accordingly, the Complaint should be dismissed.

## **MEMORANDUM OF LAW**

### I. LEGAL STANDARD FOR MOTIONS TO DISMISS.

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing legal sufficiency, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

A pleading seeking relief must include a short and plan statement of the claim. Fed. R. Civ. P. 8(a)(2). The Supreme Court has made it clear that, to defeat a motion to dismiss, "a complaint must contain sufficient actual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"

*Twombly*, 550 U.S. at 555. While a court must accept well-pled facts as true, it is not required to accept a plaintiff's legal conclusions. *Id.*

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and assume the truth of the plaintiff's factual allegations. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for purposes of determining whether a claim is legally sufficient). "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level." *Twombly*, 550 U.S. at 555. At the same time, . . . 'pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). Accordingly, when determining whether a pro se complaint has stated a claim, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations." *Id.* Courts,

however, will not take the plaintiff's "wildly implausible allegations" as true. *Id.*

## II.   THE COMPLAINT IS AN IMPERMISSIBLE SHOTGUN PLEADING.

A "shotgun pleading" refers to a complaint that violates Rule 8(a)(2), which requires a plaintiff to include a "short and plain statement of the claim," or Rule 10(b), which requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P 8(a)(2), 10(b); *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four categories of shotgun pleadings: (1) complaints "containing multiple counts where each count adopts the allegations of all preceding counts;" (2) complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) complaints that fail to separate each cause of action or claim for relief into different counts; and (4) complaints that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and

in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323.

Here, Plaintiff's Complaint is impermissibly vague, and void of actual factual allegations. For example, the Complaint ambiguously references a "real estate contract" but does not identify the purported contract at issue. The Complaint fails to identify a property address, loan number, or date the purported breach occurred. Plaintiff simply recites various laws under which Plaintiff claims to be seeking relief, without pleading operative facts. Without pleading factual allegations, it is impossible to meaningfully respond to the pleading. Accordingly, the Complaint should be dismissed.

### III.   PLAINTIFF'S TILA CLAIM FAILS.

Plaintiff's TILA claim is insufficiently plead to survive dismissal. Specifically, Plaintiff's failure to plead dates or specific facts makes it unclear whether the purported TILA claim is time-barred. There are two limitation periods under TILA depending upon the remedy sought. Where monetary damages for violations of TILA are sought, there is a one-year statute of limitations. *See* 15 U.S.C. § 1640(e) ("[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."). The violation "occurs" when the transaction is consummated. *Dixon v.*

*Countrywide Home Loans, Inc.*, 710 F. Supp. 2d 1325, 1333 (S.D. Fla. 2010). On the other hand, where a consumer seeks rescission of a contract for a material violation of TILA, the right to rescind "shall expire three years after the loan closes or upon sale of the secured property whichever date is earlier." 15 U.S.C. § 1635(f).

Here, the Complaint fails to plead any dates whatsoever. Accordingly, it is unclear whether Plaintiff's claim for relief is time-barred under TILA. In sum, the claim is insufficiently plead and should be dismissed.

### IV.   PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS.

Plaintiff's breach of contract claim is insufficient plead to survive dismissal. Under Florida law, the elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages. *See Trowell v. S. Fin. Grp., Inc.*, 315 F. App'x 163, 165 (11th Cir. 2008). To adequately plead a claim for breach of contract, a plaintiff "must set forth sufficient facts" as to the elements of a breach of contract. *Adapt Programs, LLC v. Veritable Billing Services, LLC*, Case No. 20-25161-CIV, 2022 WL 3681953, at *3 (S.D. Fla. Mar. 22, 2022). Sufficient facts to support a claim for breach of contract include the identification of specific provisions setting forth a party's obligations or explicitly or implicitly outlining a plaintiff's requested relief. *See Trowell*, 315 F. App'x at 165 (affirming the dismissal of a breach of contract claim for failure

to state a claim because the plaintiff did not "assert[ ] facts sufficient to allege breach of the Agreement").

Here, Plaintiff simply alleges "Defendants have not upheld their contractual allegations, leading to a breach of trust and contract." Compl., ¶ 10. Plaintiff fails to identify which contract is issue. As pled, Chase cannot investigate Plaintiff's alleged claim to prepare a meaningful response in this action. Additionally, it is unclear whether Plaintiff's claim is time barred by any applicable statutes of limitations because no dates or specific acts are alleged therein. Accordingly, Plaintiff's claim should be dismissed for failure to state a cause of action upon which relief may be granted, or alternatively, Plaintiff should be ordered to file a more definite statement.

## V. PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS.

Plaintiff's unjust enrichment claim also fails. A claim for unjust enrichment under Florida law has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain the benefit without paying the value thereof. *Cafe, Gelato & Panini LLC v. Simon Prop. Group, Inc.*, Case No. 20-60981-CIV, 2022 WL 17987098, at *9 (S.D. Fla. Mar. 22, 2022). Even when all three elements are met, however, an unjust enrichment claim is "precluded by

the existence of an express contract between the parties concerning the same subject matter." *Id.* (quoting *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st DCA 2008)

Here, Plaintiff asserts a blanket, threadbare allegation that "Defendants have been unjustly enriched at the expense of the Plaintiff[.]" *See* Compl., ¶ 11. Although Plaintiff fails to identify the purported contact, she alleges that she "entered into a real estate contract with Defendants[.]" *See* Compl., ¶ 6. As pled, it appears that Plaintiff's claim is precluded by the existence of an express contract between the parties. However, Chase cannot properly investigate Plaintiff's alleged claim to prepare a meaningful response in this action based on the insufficient allegations. Accordingly, Plaintiff's unjust enrichment claim is legally deficient, fails as a matter of law, and should also be dismissed.

## VI. PLAINTIFF'S FDCPA CLAIM FAILS.

Here, Plaintiff asserts a vague and conclusory allegation that "Defendants have engage in practices that violate the FDCPA by employing unfair debt collection practices." *See* Compl., ¶ 12. Indeed, Plaintiff does not allege the purported unfair collection actions and fails to advance any facts in support of her claim. As pled, Chase cannot investigate Plaintiff's alleged claim to prepare a meaningful response in this action or determine if Plaintiff's

claim is time barred by any applicable statutes of limitations. Accordingly, Plaintiff's claim fails and should be dismissed.

**WHEREFORE**, Defendant JPMORGAN CHASE BANK, N.A. respectfully moves this Honorable Court for the entry of an order:

i) Granting Chase's Motion to Dismiss;

ii) Dismissing Plaintiff's Complaint [Dkt. No. 01] with prejudice; and

iii) Reserving jurisdiction to award Chase its prevailing party attorney fees and costs against Plaintiff BECKI RUTH MAAS upon the timely filing of an appropriate motion;

along with such other relief deemed just and proper under the circumstances.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certifies that on February 2, 2024, counsel conferred with pro se Plaintiff, BECKI RUTH MAAS, regarding the relief sought herein. Plaintiff opposes the dismissal relief sought herein.

Dated this 2nd day of February, 2024.

        Respectfully submitted,

        **NELSON MULLINS RILEY & SCARBOROUGH, LLP**
        *Counsel for JPMorgan Chase Bank, N.A.*
        100 S.E. 3rd Avenue, Suite 2700
        Fort Lauderdale, Florida 33394
        P:  954-764-7060  |  F:  954-764-8135

By:   */s/ Rebecca A. Rodriguez*
       **Rebecca A. Rodriguez, Esq.**
       Florida Bar No. 104805
       Rebecca.Rodriguez@nelsonmullins.com
       Jenny.Sica@nelsonmullins.com

## **CERTIFICATE OF SERVICE**

I CERTIFY THAT on February 2, 2024, a true and correct copy of the foregoing was served on all parties listed in the attached service list.

By:   */s/ Rebecca A. Rodriguez*
       **Rebecca A. Rodriguez, Esq.**
       Florida Bar No. 104805

## **SERVICE LIST**

**BECKI RUTH MAAS**
*Pro Se Plaintiff*
4522 W. Village Dr.
Tampa, FL 33624
*Via E-Mail to: sufficient@hush.com