IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Becki Ruth Maas | ) | Case No. 8:23-cv-02706 |
| Plaintiff | ) | Hon. Thomas B. Barber |
| | ) | |
| vs. | ) | |
| | ) | |
| THE BANK OF NEW | ) | |
| YORK MELLON | ) | PLAINTIFF'S |
| | ) | NOTICE OF REMOVAL |
| | ) | FROM STATE COURT |
| BY JP MORGAN CHASE | ) | ACTION |
| | ) | 12-CA-07544 -IN |
| | | HILLSBOROUGH |
| | | COUNTY |
| DEFENDANTS | ) | |

_____

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) and 1446, the State Venue action in State Case 12-CA-007544 from the Florida State 13th Judicial Circuit Court for Hillsborough County is removed by defendant Becki Maas to the district court of the United States for the Middle District of Florida, at

Tampa Florida, in this current cause of action commenced by existing federal complaint by that cause of action identified above and the need arises for the filing of this Notice of Removal with the Clerk of the district court of the United States for the Middle District of Florida. As grounds, Becki Maas states as follows:

The state plaintiff has received an Order for a Writ of Possession against the state defendant's property and it must be stayed from enforcement.

A. The Clerk of Court certified the following on the Certificate of Title at bar:

"The undersigned Clerk of the Circuit Court certifies that he executed and filed a Certificate of Sale in this action on January 17, 2024, for the property described herein and that no objection to the sale has been filed within the time allowed for filing objections."

The document, Id., was signed by two women, not a man, mis-designating "he" executed" in the wording on the recorded Certificate of Title. But also:

B. Forgery includes the offense of an official recording of a false fact.

C. The Certificate of Sale was docketed January 17, 2024 at entry #251.

D. The defendant's Objection to Certificate of Sale was docketed January 26, 2024 at entry #263. The Objection was timely filed though the Certificate of Title says otherwise.

E. One alarming fact involved is that the Defendant has caught the lower court Clerk's Office in an Act of Forgery in regards to the Certificate of Title. Definition:

n. 1) the crime of creating a false document, altering a document, or writing a false signature for the illegal benefit of the person making the forgery.

F. A hearing involving the timely Objection to the Certificate of Sale was not conducted. Again, a hearing by §45.031 statute authority was not held. To Wit: From <u>Florida Case Law</u>:

"A clerk's sale, which was earlier directed in the final judgment of foreclosure, is carried out in accordance with the provisions of section 45.031, Florida Statutes (2002). Under this procedure, no execution occurs. See § 45.031(9).

In contrast, execution sales, undertaken pursuant to sections 56.21 through 56.25, Florida Statutes (2002), obviously require a prior levy on the property sought to be sold.

Other differences in the two procedures are set out in the following chart. [849 So.2d 1163]-Judicial Sale (§§ 45.031—45.0315) Execution Sale (§§ 56.21—56.29) :

• Conducted by clerk by order of the court.
• Conducted by sheriff (in person or by deputy), usually at courthouse.
-Lien perfected on delivery of writ by Sheriff.
• Result of judicial proceeding, under judgment,
• Execution sale made pursuant to writ requiring order, or decree (and oversight) of a designated officer to levy on the court.
-Court appoints officer to sell specifically property of a judgment debtor and sell it described property.
-Court prescribes as prescribed by statute to satisfy a money the time, manner and conditions of judgment. Deference to judgment creditor's sale.
-Must be public, unless so authorized terms.
-Must be a public sale. by court order to be a private sale.
• All creditors may purchase at the sale, but
• Priority of judgment creditor's lien typically they stand in the same position as a established at time writ of execution is stranger whose bid was accepted. delivered to Sheriff.
• Notice published twice at weekly intervals

• Notice published four times at weekly intervals with last publication at least five days before in county where the property is the sale. located.

• Five percent of the bid must be paid before

• Payment of bid due in full before legal the close of business on day of sale (all time for sale expires (sale will continue if sales are for cash). cash is not obtained and paid).

• After the sale, clerk files certificate of sale .

• <u>Sheriff must execute and deliver</u> a sheriff's and serves a copy on all parties not in deed for real property to the successful default. bidder. <u>Sheriff makes an endorsement on the execution</u>, and files this return with clerk.

• <u>Objections to the sale</u> or to the amount bid

• <u>Sheriff is liable for penalties for failure to must be served within ten days after the execute process or for making a false return. certificate of sale is filed. If objections are Sale may be set aside by court for filed, court must hold hearing</u>. I...

<u>Bankers Trust Co. v. Edwards</u>, 849 So.2d 1160 (Fla. App. 2003)

……………………………………………………

## PLEASE TAKE JUDICIAL NOTICE

§45.031(5) is the statue for objection to the Sale or Certificate of Sale.

§45.031(8) is the statue for objection to the Sale Bid Price.

The plaintiff has falsely claimed §45.031(8) controls and that is not true.

## PLEASE TAKE JUDICIAL NOTICE OF RECENT FORENSIC AUDIT

Detective Joe Esquivel of Arizona produced a Forensic Audit on the history of the Note and Mortgage in this case at bar, and the facts concluded in his affidavit for this state defendant (federal plaintiff herein) show a fatal gap in assignment, etc., to permit

the state plaintiff to claim standing. He can be depositioned for testimony regarding this forensic data not obtained before by this state defendant (federal plaintiff herein) until very recently, NOR INTRODUCED BY THE STATE PLAINTIFF FALSELY CLAIMING STANDING TO FORECLOSE, who has willfully suppressed this evidence and committed Misconduct. Detective Esquivel states:

No One Can Claim the Right to Enforce the Maas Note

"The Maas Note has been signed by the Original Lender, 4Udirect, Inc.,D/B/A Nations Home Lending Center, A Florida Corporation, signed by Beverly Shanahan as Vice President. The instructions preceding the signature state "Pay to the Order of _____ without Recourse", where 4Udirect, Inc.,D/B/A Nations Home Lending Center, A Florida Corporation has elected to transfer the Maas Note **by possession alone** by virtue of an indorsement made pursuant to F.S.A. §673.2051 (2). With the Maas Note indorsed in blank, only **contractual** rights of the Maas Note would have been transferred, WITHOUT acquiring rights of enforcement as defined in F.S.A. § 673.2031 (1), as there is a lack of Agency relationship between the Maas Note and the Maas Mortgage filed of record, since a party cannot establish an Agency relationship with an as-of-yet-unnamed payee.

> *F.S.A. §673.2051. Special indorsement; blank indorsement; anomalous indorsement*
> *(2) If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a "blank indorsement." When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.*

> *F.S.A. § 673.2031. Transfer of instrument; rights acquired by transfer*
> *(1) An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument.*

The Maas Mortgage filed of record is unperfected, as one can not perfect an instrument to an as-of-yet-unnamed payee. For the Maas Note to remain a perfected public County record, the secured Mortgage requires the identity of the subsequent payee(s) to be on the face of the Maas Note and the assignment of the Mortgage rights needs to be properly and timely filed of record in the Official Records of the Hillsborough Clerk of the Circuit Court's Office.

4Udirect, Inc.,D/B/A Nations Home Lending Center, A Florida Corporation, along with signing away all rights to the Maas Note, wrote instructions that made its intention of negotiation of the Maas Note clear. The clear intention was that 4Udirect, Inc.,D/B/A Nations Home Lending Center, A Florida Corporation's negotiation of the Maas Note will only be complete when the payee is named. The Maas Note with an as-of-yet-unnamed payee is not and can not be treated as a "bearer" instrument as no person will acquire any right to the Maas Note until a payee is named. The Maas Note with an as-of-yet-unnamed payee is an incomplete instrument pursuant to F.S.A. § 673.1151.

> *F.S.A. § 673.1151. Incomplete instrument*
> *(1) The term "incomplete instrument"* **_means a signed writing, whether or not issued by the signer, the contents of which show at the time of signing that it is incomplete but that the signer intended it to be completed by the addition of words or numbers._** (emphasis added)

> *F.S.A. § 673.1101. Identification of person to whom instrument is payable.*
> *(1)* **_The person to whom an instrument is initially payable is determined by the intent of the person,_** *whether or not authorized, signing as, or in the name or behalf of, the issuer of the instrument. The instrument is payable to the person intended by the signer even if that person is identified in the instrument by a name or other identification that is not that of the intended person. If more than one person signs in the name or behalf of the issuer of an instrument and all the signers do not intend the same person as payee, the instrument is payable to any person intended by one or more of the signers.* (emphasis added)

Under F.S.A. § 673.2031 (1) a transfer of the Maas Note through which rights can be

acquired by a transferee is defined as a delivery from one person to another person.

*F.S.A. § 673.2031. Transfer of instrument; rights acquired by transfer*
*(1) An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument.*

When 4Udirect, Inc.,D/B/A Nations Home Lending Center, A Florida Corporation signed away all rights to the Maas Note to an as-of-yet-unnamed payee, 4Udirect, Inc.,D/B/A Nations Home Lending Center, A Florida Corporation did not deliver the Maas Note to another person as required of a transfer through which rights can be acquired.

Besides the fact that all rights were released upon signature, or that the signing away of all rights did not accomplish a negotiation of the Maas Note, 4Udirect, Inc., D/B/A Nations Home Lending Center, A Florida Corporation no longer has the entire rights to the Maas Note. 4Udirect, Inc., D/B/A Nations Home Lending Center, A Florida Corporation must have <u>an entire interest</u> in the Maas Note for a negotiation to occur. The intangible interest in the Maas Note has been transferred to the BALTA 2005-9 Trust. 4Udirect, Inc., D/B/A Nations Home Lending Center, A Florida Corporation can no longer claim <u>the entire rights</u> to the Maas Note. 4Udirect, Inc., D/B/A Nations Home Lending Center, A Florida Corporation can not accomplish a negotiation of the Maas Note."

Additionally;

This instant federal complaint was and is active since prior to the state auction sale of this federal plaintiff's property.

Attorney Michelle Mason, Fl. Bar. #864773 of DELUCA LAW GROUP, PLLC 2101 NE 26th Street, Fort Lauderdale, FL 33305 submitted in her Response a day after

the State Defendant in the 13th Judicial Circuit Case, supra., filed her Objection to the 'Sale' and Objection to the 'Certificate of Sale' in part that:

"("[T]he law is well established that **an objection to a foreclosure sale must be directed toward conduct that occurred at, or was directly related to, the foreclosure sale.")** (citing *IndyMac Fed. Bank FSB v. Hagan,* 104 So. 3d 1232, 1236 (Fla. 3d DCA 2012), citing: *Valdes v. Deutsche Bank Nat'l T!: Co.,* 333 So. 3d 739 (Fla. 3d DCA 2021).

The case quoted by Michelle Mason, Esq., shows IndyMac Fed. Bank FSB v. Hagan, which ruled in part from the 3rd district of appeals in Florida:

"……….In determining whether a document constitutes an objection to a foreclosure sale, a trial court may not merely rely on the title of the document. With respect to the characterization of motions, Florida courts place substance over form. In other words, "if the motion is mislabeled, the court will look to the substance of the motion, not the label." Indus. Affiliates, Ltd. v. Testa, 770 So.2d 202, 204 n. 1 (Fla. 3d DCA 2000); see also Fire & Cas. Ins. Co. of Conn. v. Sealey, 810 So.2d 988, 992 (Fla. 1st DCA 2002) ("We agree that the true nature of a motion must be determined by its content and not by the label the moving party has used to describe it."). Thus, to justify a delay in the issuance of a certificate of title, the substance of the filing must constitute an objection to the foreclosure sale………..
Indymac Fed. Bank FSB v. Hagan, 104 So.3d 1232 (Fla. App. 2012)

***The statute controls the case law***, not the other way around. The Legislative body of government makes the laws.

The controlling statute is §45.031 (5) and it does not state "if no objections to the *sale bid price* are filed within 10 days" :

"CERTIFICATE OF TITLE.—If no objections to the sale are filed within 10 days after filing the certificate of sale, the clerk shall file a certificate of title and serve a copy of it on each party in substantially the following form:….

…..The undersigned clerk of the court certifies that he or she executed and filed a certificate of sale in this action on  ,   (year)  , for the property described herein and that no objections to the sale have been filed within the time allowed for filing objections."

But the deception by Attorney M. Mason, Id., goes further in that the section in the State statute at 45.031(8) is completely separate from 45.031(5). State statute section 45.031(8) shows:

"(8)   VALUE OF PROPERTY.—The amount of the bid for the property at the sale shall be conclusively presumed to be sufficient consideration for the sale. Any party may serve an objection to the amount of the bid within 10 days after the clerk files the certificate of sale. If timely objections to the bid are served, the objections shall be heard by the court. Service of objections to the amount of the bid does not affect or cloud the title of the purchaser in any manner. If the case is one in which a deficiency judgment may be sought and application is made for a deficiency, the amount bid at the sale may be considered by the court as one of the factors in determining a deficiency under the usual equitable principles."

Thus, Michelle Mason, Esq., supra., cannot lawfully state that only an Objection to the bid price has merit when filing a timely Objection to a foreclosure Sale and/or Certificate of Sale.

However, the heading on the State defendant's Objection was both the "Sale" and the "Certificate of Sale" was objected to. In regards to lack of standing due to lack of jurisdictional defects in assignments and transfers of title all the way back to the origin of the state plaintiff's foreclosure complaint, the Sale should have never occurred which led to the Certificate of Sale being docketed by the Clerk of the State Court.

Michelle Mason, Esq., for the State plaintiff, THE BANK OF NEW YORK MELLON,  FKA THE BANK OF NEW YORK, AS SUCCESSOR IN INTEREST TO JP MORGAN CHASE BANK, N.A., AS TRUSTEE FOR STRUCTURED ASSET

MORTGAGE INVESTMENTS II, INC. BEAR STEARNS ALT-A TRUST 2005-9, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 205-9, has committed violation(s) of the Unfair and Deceptive Acts and Practices Laws of Florida State, amongst other errors and violations.

There was no original Note or record to take to a Foreclosure Judgment much less a Foreclosure Auction sale and a subsequent Certificate of Sale.

The Florida Appeals Court for this 2nd district ruled in 2017:

"At the close of the Bank's evidence, defense counsel moved to dismiss the case based on the insufficiency of the evidence pursuant to Florida Rule of Civil Procedure 1.420(b). Among other things, counsel argued that the Bank failed to introduce sufficient evidence that it possessed the original note, in violation of section 90.953, and that the Bank failed to introduce sufficient evidence of when the endorsement was placed on the note. The trial court denied the motion on these grounds and entered judgment in favor of the Bank.

Although a trial court's decision on the admissibility of evidence is reviewed for an abuse of discretion, that discretion is limited by the rules of evidence. See Sottilaro v. Figueroa , 86 So.3d 505, 507 (Fla. 2d DCA 2012). We apply a de novo standard of review to the extent that the trial court's ruling is an interpretation of the evidence code and case law construing the code. See id.

The Florida Evidence Code provides that an original of a writing is required to prove the contents of the writing, unless otherwise provided by statute. § 90.952. Section 90.953 allows for the admission of a duplicate "to the same extent as an original" unless certain exceptions  [209 So.3d 644] apply. The exception relevant here is when the document is a negotiable instrument. See § 90.953(1). A promissory note is a negotiable instrument, see Stone v. Bank United , 115 So.3d 411, 413 (Fla. 2d DCA 2013), and thus the evidence code requires that the original be produced at trial, see § 90.953(1) ; see also Fair v. Kaufman , 647 So.2d 167, 168 (Fla. 2d DCA 1994) (recognizing that in a foreclosure action the original promissory note must be introduced into evidence at trial "or a satisfactory reason must be given for failure to do so"). Further, section 702.015(4), Florida Statutes (2014), requires that the original note be filed with the court before entry of a foreclosure judgment or a judgment on the note.

Because a promissory note is a negotiable instrument, it is necessary to surrender the original note to remove it from the stream of commerce and prevent the negotiation of the note to another person. See Deutsche Bank Nat'l Trust Co. v. Clarke , 87 So.3d 58, 61 (Fla. 4th DCA 2012) ; Perry v. Fairbanks Capital Corp. , 888 So.2d 725, 727 (Fla. 5th DCA 2004). In addition, "possession of the original note is a significant fact in deciding whether the possessor is entitled to enforce its terms." Clarke , 87 So.3d at 61. (ref); <u>Heller v. Bank of Am., NA,</u> 209 So. 3d 641 (Fla. App. 2017)….

…..The parties did not stipulate that the document in the court file was, in fact, the original note. Without a stipulation by the parties, the trial court cannot rely on an unsworn statement of counsel to make a factual determination. Blimpie Capital Venture, Inc. v. Palms Plaza Partners, Ltd. , 636 So.2d 838, 840 (Fla. 2d DCA 1994). And neither a trial court nor an appellate court can consider as fact an unproven statement that is documented only by counsel. Id. ; see also Deutsche Bank Nat'l Trust Co. v. Huber , 137 So.3d 562, 564 (Fla. 4th DCA 2014) (stating that the court could not make a leap of faith that a note surrendered to the clerk was the original when such a determination [209 So.3d 645] was not supported by the record before it in which only a copy of the note was admitted in evidence)." (ref again)
<u>Heller v. Bank of Am., NA,</u> 209 So. 3d 641 (Fla. App. 2017).

Based on the above data and more, the alleged defendant claims that the Court Officer(s) have joined the plaintiff in committing offense(s) of MALICIOUS MISCHIEF, appearing as a Civil Conspiracy, which itself is a Felony in federal law, and that the failure of state officers of the law to stop it is Racketeering. A right to addendum this is made.

1. This Notice of Removal is filed pursuant to 28 U.S.C. § 1441 through 1446 to an existing action currently proceeding in this district court of the United States.

2. Venue lies in this district pursuant to Section 1391(b) of Title 28 of the United States Code. "1391(b)Venue in General.—A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of

the State in which the district is located; (2 )a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated...'

3.  I remove this action to the district court of the United States for the Middle District of Florida pursuant to the provisions of 28 U.S.C. § 1441(a), on the ground that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

4.  This case is about preserving natural and human rights already set forth in our federal constitution. This court has a solemn responsibility and duty to protect the U.S. Constitution and the rights of the people guaranteed therein. As the United States Supreme Court stated in <u>ex parte Young</u>, 209 US 123 (1908):

"It is most true that this court will not take jurisdiction if it should not; but it is equally true that it must take jurisdiction if it should. The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the Constitution. We cannot pass it by because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it be brought before us. We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the Constitution. Questions may occur which we would gladly avoid, but we cannot avoid them. All we can do is to exercise our best judgment, and conscientiously perform our duty." (at 143).

5. The claims set forth in the Complaint docketed in this existing federal case raise questions of federal law: United States Constitution - fourth, fifth and fourteenth

amendments – equal protection, due process; United Stales Constitution - thirteenth amendment - slavery, peonage; Federal question jurisdiction pursuant to Article III § 2 of U.S. Const.,28 USC § 1331,28 use § 1343; 18 USC §§ 1341, 1512. 1951. 1952 and 18 USC §§ 1961, 1962, and 1964-Violation of RICO 15 U.S.C. § 1692 violation of the FDCPA; 28 U.S.C. §§ 2201, 2202 and All Writs Act - Declaratory and injunctive relief;

6.   I remove this action to the district court of the United States for the Middle District of Florida pursuant to the provisions of 28 U.S.C. § 1443. Civil rights cases: Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof:
(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.
An emergency petition for a preliminary injunction was filed prior to this Notice.


WHEREFORE, State defendant Becki Maas removes the State Court Action from the Florida State  13th Judicial Circuit Court for Hillsborough County, to this

Court, and moves this Court take jurisdiction of this civil action to the exclusion of any further proceedings in said state court.

Dated: February 5th 2024

All Rights Reserved;

s/ *Becki Maas*

Authorized Representative for the
BECKI RUTH MAAS
4522 West Village Drive pmb #154
Tampa, Florida 33624

## VERIFICATION

Plaintiff/Petitioner Becki Maas hereby verifies, under attestation of truth in the 1st amendment as a Christian that she has read the foregoing and that the facts contained therein are true and correct.

/S/ *Becki Maas*

## CERTIFICATON OF FONT SIZE AND WORD COUNT

The petitioner certifies she utilized time new roman font size 14 and that the word count for this petition is approximately 4,180 words.

s/ *Becki Maas*

## CERTIFICATE OF SERVICE

I certify that on February 2, 2024, a true and correct copy of the foregoing was served on all parties listed in the attached service list.

Nelson Mullins Riley & Scarborough, LLP
Counsel for JPMorgan Chase Bank, N.A.
100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, Florida 33394

Rebecca A. Rodriguez  Rebecca.Rodriguez@nelsonmullins.com
Terrance W. Anderson, Jr.  TW.Anderson@nelsonmullins.com
Sophie.Labarge@nelsonmullins.com
Jenny.Sica@nelsonmullins.com